CULPEPPER, Judge.
Plaintiff seeks damages for personal injuries sustained when the automobile which she was driving allegedly fell into an excavation or struck an object on a public street in the village of Mermentau. Named as defendants are: (1) Lormand Construction Company, which was installing a sewage system in the village, and its insurer, American Mutual Liability Insurance Company; (2) Elco Electric, Inc., which was installing a water system in the village, and its insurer, Continental Insurance Company; (3) the village of Mer-mentau and its insurer, United States Fidelity & Guaranty Company. The district judge found plaintiff failed to prove the nature or location of the object she struck or that any of the defendants were guilty of negligence. Plaintiff appealed.
Additionally, judgment in the sum of $1,500 was rendered in favor of the village of Mermentau on its third party demand against Elco Electric, Inc. and Lormand Construction Company for attorney’s fees under the indemnity provisions of the construction contracts. The contractors appealed the third party demand.
The accident occurred at the intersection of Highway 90, which runs east and west, with Fourth Street, which runs north and south. Highway 90 is paved and has gravel shoulders and ditches on each side. Fourth Street has asphalt paving about 16 feet in width with gravel shoulders and ditches on each side about 8 feet in width.
The sewage and water systems had been under construction for several months. *43 Both the sewer and water lines had been laid along the north shoulder of Highway 90. At the Fourth Street intersection, a manhole for the sewer was installed at a point adjacent to the asphalt paving on Fourth Street and 6 or 8 feet from the northeast corner of the intersection.
On a clear day at about 1:30 p. m., plaintiff was driving in a westerly direction on Highway 90, intending to turn north on Fourth Street. She says she slowed to about 10 miles per hour, and immediately on leaving Highway 90 and entering Fourth Street the under-side of her vehicle violently struck an object of some kind, causing her face to strike the steering wheel and resulting in loss of teeth and cuts on her mouth and face.
The village marshal, the mayor and the state policeman who investigated the accident testified that plaintiff first told them she had struck the manhole cover. These three witnesses examined the area and found that on the west side the manhole cover was flush with the pavement on Fourth Street, but on the east side there was a depression 3 or 4 inches deep, which caused the manhole cover to be above ground level on the east side. The testimony of these witnesses shows it is improbable that plaintiff’s car struck the manhole cover.
At the trial, plaintiff’s position was that she did not strike the manhole cover, but instead struck a piece of pipe, encased in concrete, about 6 inches in diameter and 6 feet in length. Plaintiff testified that on the afternoon of the accident, after returning from the doctor’s office, she found this piece of pipe almost totally submerged in water in an excavation or depression between the manhole cover and the northeast corner of the intersection. She theorized that when her automobile struck this depression the under-side hit the submerged pipe. She and one of her relatives testified that a week or two after the accident they returned to the scene and dug up the pipe.
The piece of pipe in question was clearly shown to be the lower portion of a stop sign. The mayor and the city marshall stated that immediately after the accident there was no such object on the street and there was no excavation or depression deep enough to hold such a pipe. The marshal testified that he did see such an old stop sign located in the ditch on Fourth Street. He theorized that plaintiff must have run into the ditch and struck the sign there.
The issues are factual and depend largely on the credibility of the witnesses. We find no manifest error in the following conclusions of the trial judge:
“Without reviewing in detail here the evidence offered to support plaintiff’s claim for damages resulting when her automobile struck an object in the Village of Mermentau, suffice to say that it does not preponderate to establish to my satisfaction actionable negligence of any of the defendants which would allow recovery. The testimony is conflicting and uncertain as to the object Mrs. Treme contends she struck, its exact location and to which, if any, of these defendants fault should be assigned.
“Plaintiff having failed to sustain her burden of proof required in such cases, her suit is dismissed at her costs.”
The next issue concerns the village of Mermentau’s third party demand against the contractors for attorney’s fees. Both contracts contain the following provision:
“ ‘The contractor agrees to indemnify, save and hold harmless the owner and engineer from all claims, demands, or causes of action, whether for property damage, personal injuries or death, arising or growing out of the performance of the contract by the contractor, including all court costs and attorney’s fees; but any such indemnity shall not apply to any claim of any kind arising out of the *44 existence or character of the work.’ ” (Emphasis supplied)
The quoted language is clear. The contractor agrees to hold harmless the owner from all claims or demands arising out of the performance of the contract, “including attorney’s fees.” The present suit is a demand by the plaintiff for damages arising out of the performance of the contract. The village of Mermentau first requested the contractors to defend the suit. On their refusal, it was necessary for the village to employ its own attorneys. The village has the right to be indemnified for these fees, under the express language of the contracts.
The principal argument of the contractors is that the clause in question presupposes the existence of fault on the part of the contractors, and since the contractors were not found liable they are not required to indemnify the village for its attorney’s fees. The answer to this argument is that the written agreement does not require a finding of fault on the part of the contractor as a prerequisite to indemnification. The contractor agrees to indemnify and hold harmless the village from all “claims, demands, or causes of action ... including . . . attorney’s fees” regardless of actual fault or ultimate liability.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-appellant and the two defendants-appellants in equal proportions.
Affirmed.